# SUPERIOR COURT OF BALTIMORE CITY.

Filed December 17, 1906.

STATE OF MARYLAND
VS.
D. K. ESTE FISHER, SURVIVING TRUSTEE.

*Attorney-General Bryan* for the State.

*Bernard Carter* for the defendant.

NILES, J.—

Code, Article 81, Section 117, provides, as interpreted by our Court of Appeals, that "all estates * * * being in this State * * * passing from any person who may die seized and possessed thereof * * * transferred * * * by * * * will * * * to any person or persons * * * other than to or for the use of the father, mother, husband, wife, children and lineal descendants of the * * * testator * * * shall be subject to a tax of 2½ per centum on every $100 of the clear value of such estates."

In this case, by the execution by Mrs. Johnston of the power vested in her by her husband's will, an estate of the value altogether of $734,439.36 passed, transferred in the eye of the law, by the will of Mr. Johnston to persons subject, by the words of the Act, to the collateral inheritance tax.

The contention is, however, made that this estate is not subject to the collateral inheritance tax, because Mr. Johnston died in 1884, and from the time of his death until they had fully discharged their duties, executed their trust, and turned over his estate to the persons entitled, his executors would not have been justified in paying any part of this tax; and there is no special provision given by the law for the ascertainment or payment of

any collateral inheritance tax, except by executors or administrators of the decedent, who died seized or possessed of the property, subject to the tax, and after an appraisement duly made by them in the Orphans' Court.

In the opinion of this court, however, it is clear that the intent of the legislature was to subject any property situate in this State, which passed to any person not within the excepted classes, to a charge of two-and-one-half per cent. of its clear value at the time he should receive it.

It is true that, in a case like this, there is no special provision for the ascertainment and payment of the tax, which is provided by the statute, and the strong argument made by the counsel for the defendant is based upon this fact.

This court, however, holds, adopting the argument of the Attorney General, that the law so plainly contemplates that every person, not within the excepted classes, shall pay this charge upon the receipt of the benefit coming to him, that the absence of any special provision for its ascertainment and collection does not make the law fail to accomplish its purpose, but simply requires the State to make use of the ordinary process of law used in the collection of debts when it comes to enforce its right. In other words, this is a case where a certain right is given to the State in all cases where collaterals receive benefit from whatever estate is left by a decedent in Maryland, and the mere fact that special machinery was provided for the collection of the tax in those cases which occurred to the legislature as likely to arise does not take away the State's power in other cases where this special machinery cannot be employed to enforce its right by means of the general machinery of the law.

This course further holds that the present action is an appropriate process, and also that, inasmuch as it was the duty of the trustees to pay over the estate subject to the power immediately upon the probate of Mrs. Johnston's will, interest should be allowed as a matter of right upon this State tax, which should have been paid at the same time, and will, therefore, grant the plaintiff's first prayer and the plaintiff's sixth prayer, refusing all the other prayers on each side.